**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:19-CV-50-KDB-DSC**

| | |
|---|---|
| FLOORING PRO INDUSTRIES, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>HOLLIS C. HENDERSON, JR., HOLLIS C. HENDERSON III, CNS FASTENERS, LLC f/k/a CAROLINA NAIL SYSTEMS, LLC, HOLLIS HENDERSON FASTENERS, LLC, ROMP FASTENERS, LLC and ROMP FASTENERS N.A., LLC,<br><br>        Defendants. | **PROTECTIVE ORDER** |
| HOLLIS C. HENDERSON, JR. and HOLLIS HENDERSON FASTENERS, LLC,<br><br>        Counterclaim-Plaintiffs,<br><br>  v.<br><br>FLOORING PRO INDUSTRIES, LLC,<br><br>        Counterclaim-Defendant. | |

     It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

     1.    Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE

ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

2. "Confidential information," as used herein includes, but is not necessarily limited to:

   a. All financial or other sensitive information, which is not generally accessible to the public and is otherwise treated by a party as confidential;

   b. Any confidential documents of the nature described above that are produced by third parties in response to a subpoena; and

   c. Any documents, records or information which relate to any medical treatment of Plaintiff.

3. "Confidential" shall be a designation reserved for information that the designating party desires to be protected from dissemination or use for purposes other than this litigation but does not require the "Attorneys' Eyes Only" designation. Information shall not be designated as "Confidential" unless the designating party has a good faith belief that such information meets these requirements.

4. "Attorneys' Eyes Only" shall be a designation reserved for competitively sensitive business, research & development, business planning, financial, and/or sales information, trade secrets and unpublished patent applications, that, if disclosed to competitors in the field at issue, would reveal technical or business advantages of the designating party. Additional categories of materials may be designated as "Attorneys' Eyes Only" only by agreement of the parties or order of the Court. Information shall not be designated as "Attorneys' Eyes Only" unless the designating party has a good faith belief that such information meets these requirements.

5. Documents intended to be protected under this Protective Order shall be clearly marked "Attorneys' Eyes Only" or "Confidential" on each page of the document. If the nature of the information intended to be protected under this Protective Order makes it undesirable, difficult

or impossible to physically mark the information as "Attorneys' Eyes Only" or "Confidential," the designating party may invoke the protections of this Protective Order by including a writing with such information indicating the designation and specifically identifying what portions of the produced information are designated.

6. If a document includes "Attorneys' Eyes Only" or "Confidential" information in addition to other information, and the "Attorneys' Eyes Only" or "Confidential" information is redacted, the remainder of the document may be treated as if it did not contain the redacted information.

7. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

8. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

9. Information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. The requesting party and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

  c.  Consultants or experts to the extent deemed necessary by counsel;

  d.  Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

  e.  The Court or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall:

  a.  Inform the person of the confidential nature of the information or documents; and

  b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

7. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are presumptively public documents, and that such documents can and will be sealed by the Court

only upon motion and in accordance with Local Rule 6.1 and applicable law. This Protective Order does not provide for the automatic sealing of such documents.

8. The inadvertent or unintentional disclosure of confidential information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as confidential under this Protective Order. Each receiving party must further notify every person or organization to which it provided copies of or access to the material identified in the notice that such material contains confidential information

9. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege, work-product immunity, or any other protection applicable in this action or in any other federal, state, or administrative proceeding is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Each receiving party must further notify every person or organization to which it provided copies of or access to the material identified in the notice of inadvertent or mistaken disclosure, and such person's or organizations' treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), such inadvertent or mistaken

disclosure of such information, document or thing shall not constitute a waiver by the producing party of any claims of privilege, work-product immunity, or any other protection applicable in this action or in any other federal, state, or administrative proceeding. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

10. The ultimate disposition of protected materials is subject to a final order of the Court on completion of the litigation.

11. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED.**

Signed: November 5, 2019

David S. Cayer
United States Magistrate Judge

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled Flooring Pro Industries, LLC v. Hollis C. Henderson, Jr., et al. (Civil Action No. 5:19-CV-50-KDB-DSC) have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Name:

Signed in the presence of:

_____

(Attorney)

4832-6801-3739, v. 1